**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

JUL 2 5 2008

Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| Barrington MYVETT, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| Thomas H. WILLIAMS | ) |
| 300 Indiana Ave., N.W. | ) |
| Washington, D.C. 20001, | ) |
|  | ) |
| Carol D. HOLLOWAY, | ) |
| 300 Indiana Ave., N.W. | ) |
| Washington, D.C. 20001, | ) |
|  | ) |
| Van SPIVEY, | ) |
| 300 Indiana Ave., N.W. | ) |
| Washington, D.C. 20001, | ) |
|  | ) |
| Juanita BARNES, | ) |
| 300 Indiana Ave., N.W. | ) |
| Washington, D.C. 20001, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

Civil Action No.: 08-_____

Case: 1:08-cv-01284
Assigned To : Urbina, Ricardo M.
Assign. Date : 7/25/2008
Description: PI/Malpractice

JURY ACTION

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendants Thomas H. Williams, Carol D. Holloway, Van Spivey, and Juanita Barnes,

through the undersigned attorneys, hereby file this Notice of Removal pursuant to 28 U.S.C.

§§ 1441, 1442(a)(1), 1446 and 2679(d)(2).  In support of that notice, Defendants state as follows:

1.  Thomas H. Williams, Carol D. Holloway, Van Spivey, and Juanita Barnes are the

defendants in the civil action styled Myvett v. Williams, et al., now pending in the Superior

Court of the District of Columbia, Civil Action No. 08-3514.

2.  The above-entitled action was filed on or around May 8, 2008, and a copy of the

complaint is attached hereto as Exhibit A. The action has not yet proceeded to trial.

3. At the time of the incidents alleged in the complaint, Plaintiff and Defendants were employees of the Court Services and Offender Supervision Agency of the District of Columbia. Plaintiff's complaint alleges that Defendants defamed him at their mutual place of employment by making several statements to the effect that they: 1) were concerned about Plaintiff's behavior, 2) reported on one occasion that Plaintiff was behaving in a disorderly manner; and 3) claimed that Plaintiff's behavior was similar to that of the profile of the Virginia Tech shooter. *See* Complaint at 3-4. Plaintiff also complains that he was falsely imprisoned, falsely arrested, and maliciously prosecuted.

4. On the basis of the Complaint and other available information, Rudolph Contreras, Chief of the Civil Division, United States Attorney's Office for the District of Columbia, acting pursuant to delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that Defendants were acting within the scope of their respective offices or employment at the time of the alleged incidents. *See* Ex. B; 28 C.F.R. § 15.4. This certification means that, pursuant to 28 U.S.C. § 2679(d)(1), the United States shall now, as a matter of law and without order of the Court, be substituted for Defendants as the sole defendant in this action. In addition, the certification means that this action "shall be removed" to District Court, pursuant to 28 U.S.C. § 2679(d)(2).

5. Plaintiff's claims are ones for which the District Court has original jurisdiction, because the suit is against officials of the United States government, for actions allegedly taken while acting within the scope of their office or employment, and therefore removal is also authorized by 28 U.S.C. § 1441(a).

6. Furthermore, Plaintiff's complaint alleges that his causes of action are brought against

2

Defendants in their individual capacities for damages.  However, because defendants are officers

of an agency of the United States and were acting under color of their respective offices, 28

U.S.C. § 1442(a)(1) provides another statutory basis for removal of this action.

WHEREFORE, this action now pending in the Superior Court of the District of Columbia

is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1442 (a)(1), 1446, and

2679(d).

Dated: July 25, 2008.                    Respectfully,

_____/s/_____  J. A. Taun  (by RC)
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
CHRISTIAN A. NATIELLO, D.C. Bar #473960
Assistant United States Attorney
555 4th St., N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Barrington MYVETT, )<br><br>      Plaintiff, )<br><br>      v. )<br><br>Thomas H. WILLIAMS )<br>300 Indiana Ave., N.W. )<br>Washington, D.C.  20001, )<br><br>Carol D. HOLLOWAY, )<br>300 Indiana Ave., N.W. )<br>Washington, D.C.  20001, )<br><br>Van SPIVEY, )<br>300 Indiana Ave., N.W. )<br>Washington, D.C.  20001, )<br><br>Juanita BARNES, )<br>300 Indiana Ave., N.W. )<br>Washington, D.C.  20001, )<br><br>      Defendants. )| Civil Action No.: 08-_____ |

## WESTFALL CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first redelegated to me on March 20, 2006, hereby certify that I have read the complaint in Myvett v. Williams et al., pending in the Superior Court for the District of Columbia, Civil Action No. 08-003514 (Ronna L. Beck) (filed May 8, 2008), and that on the basis of the information now available to me with respect to the incidents alleged therein, I find that federal Defendants Thomas H.

**FILED**

08 1284

JUL 2 5 2008

Clerk, U.S. District and Bankruptcy Courts

Williams, Carol D. Holloway, Van Spivey, and Juanita Barnes were acting within the scope of

their employment as employees of the United States at the time of the alleged incidents.

Dated: July 25, 2008.                          /s/

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney
Chief, Civil Division

5

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone:  879-1133

| | |
|---|---|
| Barrington Myvett | |
| *Plaintiff* | |

**VS.**

| | Civil Action No. | 0003511-08 |
|---|---|---|
| Juanita Barnes | | |
| *Defendant* | | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed  to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| David A. Branch #438764 | |
| Name of Plaintiff's Attorney | By _____ |
| 1825 Connecticut Avenue, NW #690 | Deputy Clerk |
| Address | |
| Washington, DC 20009 | |
| 202.785.2805 | Date   MAY - 8 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:**  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| **BARRINGTON MYVETT**<br>3309 Buchanan Street<br>Washington, DC 20712 | )<br>)<br>) |
| | )<br>) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **THOMAS H. WILLIAMS**<br>300 Indiana Avenue, NW<br>Washington, DC 20001 | )<br>)<br>) |
| | )<br>) |
| And | ) |
| | ) |
| **CAROL D. HOLLOWAY**<br>300 Indiana Avenue, NW<br>Washington, DC 20001 | )<br>)<br>) |
| | )<br>) |
| And | ) |
| | ) |
| **VAN SPIVEY**<br>300 Indiana Avenue, NW<br>Washington, DC 20001 | )<br>)<br>) |
| | )<br>) |
| And | ) |
| | ) |
| **JUANITA BARNES**<br>300 Indiana Avenue, NW<br>Washington, DC 20001 | )<br>)<br>) |
| | )<br>) |
| **Defendants.** | )<br>) |

Case No.: 0003511-08

**Jury Trial Demand**

RECEIVED
Civil Clerk's Office

MAY 0 8 2008

Superior Court of the
District of Columbia
Washington, D.C.

## Complaint

Comes now Plaintiff Barrington Myvett, by and through counsel, and files this

complaint against Defendants Thomas H. Williams, Carol D. Holloway, Van Spivey and

Juanita Barnes.

## Jurisdiction

1.     This Court has jurisdiction over the subject matter of this action under D.C. Code Ann. Sec. 11-921.

## Venue

2.     Venue is proper in this court in that the action giving rise to this claim occurred in the District of Columbia.

## Parties

3.     Plaintiff Barington Myvett, is an African American male, employed as a drug testing technician at the Court Services and Offender Supervision Agency of the District of Columbia (CSOSA) of the District of Columbia, a federal agency.  Mr. Myvett has held this position since 2004.

4.     Defendant Thomas H. Williams is the Associate Director for CSOSA.  Defendant Holloway is the Deputy Director of Security at CSOSA.  Defendant Van Spivey is the Drug Testing Operations Manager at CSOSA. Defendant Juanita Barnes is a Drug Testing Technician.

## Facts

5.     Mr. Myvett has been employed with CSOSA since September 2004.  Since that time, he has received favorable performance reviews and was issued a special achievement award for his contributions to CSOSA in November 2005.  Mr. Myvett did not encounter any problems at CSOSA until he filed an informal EEO complaint against Branch Chief Michael Gunn in August 2006 and a formal EEO complaint against Paul Quander.

2

6.    On May 4, 2007, Mr. Myvett was advised by Defendant Thomas H. Williams,

Associate Director of CSOSA, that the agency was concerned about his behavior and Mr.

Myvett was placed on administrative leave and prevented from returning to work. Mr.

Myvett was informed that he must schedule a meeting with the Agency's Office of

Professional Responsibility to be held no later than close of business, May 9, 2007.

7.    On May 9, 2007, Mr. Myvett presented himself at the Agency to meet with

employees in the Office of Professional Responsibility.  When he arrived at the security

station at CSOSA, he was prevented from entering the building.  Mr. Myvett was taken to

a room in the building by armed security officers and prevented from leaving the

building.  Defendant Carol D. Holloway thereafter called the Metropolitan Police

Department and falsely reported that Mr. Myvett was being disorderly and that Mr.

Myvett was barred from CSOSA premises.   Mr. Myvett was placed under arrest for

unlawful entry.  The police report indicated that the witnesses were Defendants Thomas

H. Williams and Carol D. Holloway.

8.    Defendants Williams and Holloway  proceeded to court with criminal charges

against Mr. Myvett.  On August 27, 2007, the US. Attorney for the District of Columbia

filed a dismissal or  nolle prosequi for the complaint of unlawful entry against Mr.

Myvett.

9.    In May 2007, Defendant Van Spivey solicited employees at CSOSA to write

letters or statements  against Mr. Myvett.  Specifically, after May 9, 2007, Van Spivey

approached Monica Crichlow and Juanita Barnes. Defendant Van Spivey asked Ms.

Crichlow to write and sign a statement that Mr. Myvett's behavior was similar to the

behavior of the Virginia Tech shooter, and indicate that she feared for her safety.  Ms.

Crichlow refused to write and sign a statement with those claims because they were not true. On May 14, 2007, Defendant Juanita Barnes wrote and signed a statement concerning Mr. Myvett, indicating "[h]is behavior reminds me of the profile of the Virginia Tech shooter. I am currently afraid for my safety. . . . My biggest concern is that I observed that he watches the guards and camera very closely . . . I believe he is trying to obtain as much information as possible just in case he wants to do harm to someone." All of these statements are false, and were intended to damage Mr. Myvett's reputation and cause his termination.

10.    Mr. Myvett has been on administrative leave since May 2007.

## Count I

## Defamation

### (Myvett v. Williams, Holloway, Van Spivey and Barnes)

11.    Paragraph 1 through 10 above are incorporated by reference as though set forth in full herein.

12.    Beginning on May 4, 2007 and continuing thereafter, Defendant Williams placed Mr. Myvett on administrative leave and barred him from the Agency due to unspecified behavior of Mr. Myvett. These actions have damaged Mr. Myvett's reputation, caused him to be subjected humiliation, and gave the impression to CSOSA employees and clients that he is a threat to their safety.

13.    On May 9, 2007, Defendant Holloway falsely reported to the Metropolitan Police Department that Mr. Myvett was in the building unlawfully and was being disorderly. Defendant Williams later confirmed this information to Defendant Holloway and the

4

Metropolitan Police Department. As a result of these actions, Mr. Myvett was falsely imprisoned and falsely arrested, and prosecuted for unlawful entry. The actions of Defendants Williams and Holloway damaged Mr. Myvett's reputation, caused him to be subjected humiliation, and gave the impression to CSOSA employees and clients that he is a threat to their safety.

14.     After May 9, 2007, Defendant Van Spivey solicited Monica Crichlow to write and sign a statement that Mr. Myvett had the profile of the Virginia Tech shooter, and because of Mr. Myvett, she feared for her safety. On May 14, 2007, Defendant Barnes signed and submitted a statement accusing Mr. Myvett of having the profile of the Virginia Tech shooter and watching CSOSA security officers to gather information to in case he wants to do harm to someone, and stated that she feared for her safety.

15.     Defendants knew all these actions and allegations, which were published, were false. Mr. Myvett was placed on administrative leave, arrested and charged with unlawful entry as a result of these false accusations and defamatory actions. Defendants engaged in defamatory conduct and made false and defamatory statements; published a statement which they knew was false statement in an intentional or reckless manner, for the purpose of harming Mr. Myvett.

16.     Mr. Myvett has suffered monetary damages as well as damage to his personal and professional reputation. As a direct and proximate cause of the Defendants' actions, Mr. Myvett lost wages and benefits and suffered emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to his employment and personal reputation. Individual Defendants acted maliciously, willfully, wantonly, and with reckless disregard of Mr. Myvett's rights.

WHEREFORE, Myvett prays that this court enter judgment:

a.       Awarding Myvett damages to be determined at trial for the claim stated herein, with interest;

b.       Awarding Myvett all damages available for the defamation;

c.       Awarding Myvett reasonable attorneys fees and costs; and

d.       Providing such other and further relief as the court deems just and proper.

## Count II

### False Imprisonment

### (Myvett v. Williams, Holloway)

17.       Paragraph 1 through 16 above are incorporated by reference as though set forth in full herein.

18.       Beginning on May 4, 2007 and continuing thereafter, Defendant Williams placed Mr. Myvett on administrative leave and barred him from the Agency due to unspecified behavior of Mr. Myvett. Mr. Myvett, however, was ordered to meet with CSOSA's Office of Professional Responsibility by close of business on May 9, 2007. On May 9, 2007, Mr. Myvett appeared at CSOSA to meet with individuals in the Office of Professional Responsibility. When he arrived at the security station at CSOSA, he was prevented from entering the building. Mr. Myvett was taken to a room in the building by armed security officers and prevented from leaving the building. Defendant Carol D. Holloway thereafter called the Metropolitan Police Department and falsely reported that Mr. Myvett was being disorderly and that Mr. Myvett was barred from CSOSA premises. Mr. Myvett was placed under arrest for unlawful entry. The police report indicated that the witnesses were Defendants Thomas H. Williams and Carol D. Holloway.

6

19.    As a result of these actions, Mr. Myvett was falsely imprisoned and prosecuted for unlawful entry. The actions of Defendants Williams and Holloway damaged Mr. Myvett's reputation, caused him to be subjected humiliation, and gave the impression to CSOSA employees and clients that he is a threat to their safety.

20.    Defendants knew all these actions were illegal and the allegations were false. Mr. Myvett was placed on administrative leave, arrested and charged with unlawful entry as a result of these false accusations.

21.    As a direct and proximate cause of the Defendants' actions, Mr. Myvett lost wages and benefits and suffered emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to his employment and personal reputation. Individual Defendants acted maliciously, willfully, wantonly, and with reckless disregard of Mr. Myvett's rights.

WHEREFORE, Myvett prays that this court enter judgment:

a.    Awarding Myvett damages to be determined at trial for the claim stated herein, with interest;

b.    Awarding Myvett all damages available for the false imprisonment;

c.    Awarding Myvett reasonable attorneys fees and costs; and

d.    Providing such other and further relief as the court deems just and proper.

### Count III

### False Arrest

### (Myvett v. Williams, Holloway)

22.    Paragraph 1 through 21 above are incorporated by reference as though set forth in full herein.

7

23.     Beginning on May 4, 2007 and continuing thereafter, Defendant Williams placed Mr. Myvett on administrative leave and barred him from the Agency due to unspecified behavior of Mr. Myvett. Mr. Myvett, however, was ordered to meet with CSOSA's Office of Professional Responsibility by close of business on May 9, 2007. On May 9, 2007, Mr. Myvett appeared at CSOSA to meet with individuals in the Office of Professional Responsibility. When he arrived at the security station at CSOSA, he was prevented from entering the building. Mr. Myvett was taken to a room in the building by armed security officers and prevented from leaving the building. Defendant Carol D. Holloway thereafter called the Metropolitan Police Department and falsely reported that Mr. Myvett was being disorderly and that Mr. Myvett was barred from CSOSA premises. Mr. Myvett was placed under arrest for unlawful entry. The police report indicated that the witnesses were Defendants Thomas H. Williams and Carol D. Holloway.

24.     Defendants actions constituted a false arrest of Mr. Myvett. Mr.. Myvett was subsequently prosecuted for unlawful entry.

25.     As a direct and proximate cause of the Defendants' actions, Mr. Myvett lost wages and benefits and suffered emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to his employment and personal reputation. Individual Defendants acted maliciously, willfully, wantonly, and with reckless disregard of Mr. Myvett's rights.

WHEREFORE, Myvett prays that this court enter judgment:

a.     Awarding Myvett damages to be determined at trial for the claim stated herein, with interest;

b.     Awarding Myvett all damages available for the false arrest;

8

c.       Awarding Myvett reasonable attorneys fees and costs; and

d.       Providing such other and further relief as the court deems just and proper.

### Count IV

### Malicious Prosecution

### (Myvett v. Williams, Holloway)

26.       Paragraph 1 through 25 above are incorporated by reference as though set forth in full herein.

27.       Beginning on May 4, 2007 and continuing thereafter, Defendant Williams placed Mr. Myvett on administrative leave and barred him from the Agency due to unspecified behavior of Mr. Myvett. Mr. Myvett, however, was ordered to meet with CSOSA's Office of Professional Responsibility by close of business on May 9, 2007. On May 9, 2007, Mr. Myvett appeared at CSOSA to meet with individuals in the Office of Professional Responsibility. When he arrived at the security station at CSOSA, he was prevented from entering the building. Mr. Myvett was taken to a room in the building by armed security officers and prevented from leaving the building. Defendant Carol D. Holloway thereafter called the Metropolitan Police Department and falsely reported that Mr. Myvett was being disorderly and that Mr. Myvett was barred from CSOSA premises. Mr. Myvett was placed under arrest for unlawful entry. The police report indicated that the witnesses were Defendants Thomas H. Williams and Carol D. Holloway. Mr. Myvett was subsequently prosecuted for unlawful entry, and the charges were dismissed in August 2007.

28.       Defendants knew or should have known that there was no basis for the prosecution of Mr. Myvett, and Mr. Myvett was prosecuted in a malicious manner.

9

29.    As a direct and proximate cause of the Defendants' actions, Mr. Myvett lost

wages and benefits and suffered emotional distress, embarrassment, anxiety, fatigue,

mental distress, humiliation, illness, and damage to his employment and personal

reputation.  Individual Defendants acted maliciously, willfully, wantonly, and with

reckless disregard of Mr. Myvett's rights.

WHEREFORE,  Myvett prays that this court enter judgment:

a.    Awarding Myvett damages to be determined at trial for the claim stated herein,

with interest;

b.    Awarding Myvett all damages available for the malicious prosecution;

c.    Awarding Myvett reasonable attorneys fees and costs; and

d.    Providing such other and further relief as the court deems just and proper.


                              Respectfully submitted,

                              David A. Branch #438764
                              Law Offices of David A. Branch, PC
                              1825 Connecticut Avenue, N.W.
                              Suite 690
                              Washington, D.C.  20009
                              (202) 785-2805 phone
                              (202) 785-0289 fax

                    **JURY TRIAL DEMAND**

    Plaintiff demands a jury trial on all counts.



                              10

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| Barrington MYVETT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 08-3514 |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas H. WILLIAMS | ) | |
| 300 Indiana Ave., N.W. | ) | |
| Washington, D.C. 20001, | ) | |
| | ) | |
| Carol D. HOLLOWAY, | ) | |
| 300 Indiana Ave., N.W. | ) | |
| Washington, D.C. 20001, | ) | |
| | ) | |
| Van SPIVEY, | ) | |
| 300 Indiana Ave., N.W. | ) | |
| Washington, D.C. 20001, | ) | |
| | ) | |
| Juanita BARNES, | ) | |
| 300 Indiana Ave., N.W. | ) | |
| Washington, D.C. 20001, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF FILING NOTICE OF REMOVAL OF A CIVIL ACTION

PLEASE TAKE NOTE that on July 25, 2008, the United States filed with the Clerk of

the United States District Court for the District of Columbia a Notice of Removal in the above

captioned civil action, pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), 1446(a) and 2679(d)(2).

Accordingly, the **Superior Court of the District of Columbia "shall proceed no further**

**unless and until the case is remanded."** See 28 U.S.C. § 1446(d).  A copy of the Notice of

Removal (with attachments) is attached hereto.

Dated: July 25, 2008.                    Respectfully,

                                         /s/    J. A. Taul (by RC)
                                         JEFFREY A. TAYLOR, D.C. Bar # 498610
                                         United States Attorney


                                         /s/
                                         RUDOLPH CONTRERAS, D.C. Bar # 434122
                                         Assistant United States Attorney


                                         /s/
                                         CHRISTIAN A. NATIELLO, D.C. Bar #473960
                                         Assistant United States Attorney
                                         555 4th St., N.W.
                                         Room E4112
                                         Washington, D.C. 20530
                                         (202) 307-0338

2

**Certificate of Service**

I certify I caused copies of the foregoing Notice of Removal of a Civil Action, Westfall Certification, and Notice of Filing of Notice of Removal of a Civil Action to be served by first class mail upon Plaintiff's counsel at:

    David A. Branch
    1825 Connecticut Ave., N.W.
    Suite 690
    Washington, D.C.  20009

and upon:

    Thomas H. Williams
    300 Indiana Ave., N.W.
    Washington, D.C.  20001

    Carol D. Holloway
    300 Indiana Ave., N.W.
    Washington, D.C.  20001

    Van Spivey
    300 Indiana Ave., N.W.
    Washington, D.C.  20001

    Juanita Barnes
    300 Indiana Ave., N.W.
    Washington, D.C.  20001

on this 25th day of July, 2008.

        /s/
        CHRISTIAN A. NATIELLO
        Assistant United States Attorney
        555 4th St. NW
        Room E4112
        Washington, DC 20530
        (202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


_BARRINGTON MYVETT_
Plaintiff

      v.

                             Civil Action No.  **08 1284**

                                                     **JUL 2 5 2008**

_Thomas H. Williams, ET AL_
Defendant


       The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **URBINA, J. RMU**. All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action. (See preceding sentence for judge's initials).

       Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

       Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

                   NANCY MAYER-WHITTINGTON, CLERK

                   By _Maureen Higgins_
                      Deputy Clerk

cc: DAVID BRANCH

                                     929A
                                     Rev. 7/02

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS**
Barrington Myvett

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _D.C._
(EXCEPT IN U.S. PLAINTIFF CASES)
_1001_

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David A. Branch
1875 Connecticut Ave NW Suite 690
Washington DC 20009

**DEFENDANTS**
Thomas H. Williams
Carol D. Holloway
Van Spivey
Juanita Barnes
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _DC_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:08-cv-01284
Assigned To : Urbina, Ricardo M.
Assign. Date : 7/25/2008
Description: PI/Malpractice

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

☑ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP** ...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**□ A. Antitrust**

□ 410 Antitrust

**☑ B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
☑ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**

□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**□ E. General Civil (Other) OR □ F. Pro Se General Civil**

Real Property
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

Personal Property
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

Bankruptcy
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

Prisoner Petitions
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

Property Rights
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

Federal Tax Suits
□ 870 Taxes (US plaintiff or
defendant
□ 871 IRS-Third Party 26
USC 7609

Forfeiture/Penalty
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of
Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational
Safety/Health
□ 690 Other

Other Statutes
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC
Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt
Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/
Exchange
□ 875 Customer Challenge 12 USC
3410
□ 900 Appeal of fee determination
under equal access to Justice
□ 950 Constitutionality of State
Statutes
□ 890 Other Statutory Actions (if not
administrative agency review or
Privacy Act

| □ **G.** *Habeas Corpus/ 2255* | □ **H.** *Employment Discrimination* | □ **I.** *FOIA/PRIVACY ACT* | □ **J.** *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ **K.** *Labor/ERISA (non-employment)* | □ **L.** *Other Civil Rights (non-employment)* | □ **M.** *Contract* | □ **N.** *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

□ 1 Original Proceeding  ☑ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1441, 1442(a)(1), 1446, and 2679(d)(2)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>□ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND** ☑ YES □ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  □ YES  □ NO   If yes, please complete related case form.

DATE 7/25/08     SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.